UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | § | |
|---|---|---|
| **EDWARD TROUT,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | EP-22-CV-00439-FM |
| v. | § | |
| | § | |
| **UNITED PARCEL SERVICE, INC., et al.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO SUBSTITUTE PARTY AND GRANTING EXTENSION TO FILE A NEW MOTION TO SUBSTITUTE PARTY

Before the Court is "Plaintiff's Motion to Substitute Party" [ECF No. 45], filed April 11, 2024, by Edward Trout ("Plaintiff"). Therein, Plaintiff's counsel seeks to substitute Susanne Trout, Plaintiff's daughter, as the plaintiff in this case.[1] The Defendants are opposed to this motion.[2] For the following reasons, the Court denies Plaintiff's motion but grants an extension to file another one in the future.

Edward Trout passed away in October of 2023, and Plaintiff's counsel filed a suggestion of death on January 11, 2024.[3] Then, on April 11, 2024, Plaintiff's counsel filed its motion to substitute party. This is ninety-one days after the suggestion of death was filed and Defendants make note in a footnote that the motion is untimely under Federal Rule of Civil Procedure 25(a).

Federal Rule of Civil Procedure 25(a) states:

---

[1] "Plaintiff's Motion to Substitute Party" 1, ECF No. 45, filed April 11, 2024.

[2] *See generally*, "Defendants' Response to Plaintiff's Motion to Substitute Party," ECF No. 46, filed April 25, 2024.

[3] "Plaintiff's Suggestion of Death" 1, ECF No. 40, filed Jan. 11, 2024.

1

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within *90 days* after service of a statement noting the death, the action by or against the decedent *must be dismissed*.[4]

The language in the rule appears to be conclusive. After a suggestion of death is filed then a party has ninety days to file their motion for substitution and if they fail to do so within the time frame then the presiding court *must* dismiss the action. However, in reality, the language is not so restrictive.

Rule 25(a)(3) goes on to state:

A motion to substitute, together with a notice of hearing, *must be served* on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death *must be served* in the same manner. Service may be made in any judicial district.[5]

The majority of circuit courts that have reviewed this rule have concluded that a statement or suggestion noting death must identify the deceased party's successor.[6] If the successor is not identified and served under Rule 4 then the ninety-day clock does not start.[7] A quick review of

---

[4] Fed R. Civ. P. 25(a)(1) (emphasis added).

[5] Fed. R. Civ. P. 25(a)(3) (emphasis added).

[6] *Gilmore v. Lockard*, 936 F.3d 857, 865–66 (9th Cir. 2019) ("Rule 25(a) thus requires two affirmative steps in order to trigger the running of the 90 day period. First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." (internal citation and quotations omitted)); *Rende v. Kay*, 415 F.2d 983, 985–86 (D.C. Cir. 1969) ("In our opinion the Rule, as amended, cannot fairly be construed, as the defendant's attorney argues, to make his suggestion of death operative to trigger the 90-day period even though he was neither a successor nor representative of the deceased, and gave no indication of what person was available to be named in substitution as a representative of the deceased. Counsel's construction would open the door to a tactical maneuver to place upon the plaintiff the burden of locating the representative of the estate within 90 days.").

[7] *See Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990) ("While service of a suggestion of death on counsel will satisfy the requirements of Rule 25(a)(1) for service of parties to the litigation, the service required by Rule 25(a)(1) on nonparties, specifically the successors or representatives of the deceased party's estate, must be service pursuant to Fed. R. Civ. P. 4."); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985) (to satisfy Rule 25(a)(1), motion for substitution or suggestion of death must be personally served on nonparty representative of deceased, rather than deceased's attorney).

Plaintiff's suggestion of death quickly shows that his counsel did not know who the personal representative was going to be in the separate probate proceeding.[8] Additionally, the suggestion of death only lists Defendants' counsel as having received service; there is nothing in the record showing that nonparty representatives of the deceased have been served. Therefore, the requirements to start the ninety-day clock have not been met and Plaintiff's motion is timely.

While the motion may be timely, the Defendants raise a valid point that Susanne Trout has not been appointed as the representative for the estate, and Plaintiff's motion provides no evidence that she will be appointed as the representative in probate.[9] Therefore, the Court is denying the motion but will grant a sixty day extension in which Plaintiff's counsel can ascertain who will be the Plaintiff's representative and successor in interest. Plaintiff's counsel is reminded that they are under an obligation to prosecute this case; therefore, if they fail to inform the Court of the case's progress or file a subsequent motion to substitute, the Court will consider dismissing this case for failure to prosecute. A Court's inherent power includes the ability to unilaterally dismiss a case for failure to prosecute.[10] Accordingly,

1. It is **HEREBY ORDERED** that "Plaintiff's Motion to Substitute Party" [ECF No. 45] is **DENIED**.

---

[8] "Plaintiff's Suggestion of Death" 1, ECF No. 40, filed Jan. 11, 2024.

[9] *See generally* "Plaintiff's Motion to Substitute Party," ECF No. 45, filed April 11, 2024.

[10] *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (Deciding that Federal Rule of Civil Procedure 41(b) does not restrict a court's inherent authority to unilaterally dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

2. It is **FURTHER ORDERED** that Plaintiff's counsel is granted a **SIXTY-DAY EXTENSION** from the date of this order to ascertain Plaintiff's representative and file a subsequent motion to substitute.

**SIGNED AND ENTERED** this **6th** day of **May 2024.**

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**